UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

WILLIAM NORKUNAS, Individually,

    Plaintiff,

vs.                                     Case No.

PEABODY CENTER LLC, an Ohio Limited
Liability Company,

    Defendant.

_____/

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, WILLIAM NORKUNAS, Individually, on his behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sue the Defendant, PEABODY CENTER LLC, an Ohio Limited Liability Company, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff William Norkunas is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Norkunas was born and grew up and educated in Massachusetts, and has extended family living in Massachusetts, and returns regularly for personal and business reasons. William Norkunas has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety.

2. Defendant's property, Peabody Place Mall, is located at 300 Andover St., Peabody, MA 01960, in the County of Essex.

3. Venue is properly located in the District of Massachusetts because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Peabody Place Mall, and is located at 300 Andover St., Peabody, MA 01960.

6. William Norkunas has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 8 of this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. William Norkunas desires to visit Peabody Place Mall not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear

of discrimination.

7. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

8. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Peabody Place Mall has shown that violations exist. These violations include, but are not limited to:

**Parking**

A. In this parking area, there are an insufficient number of spaces designated for disabled use, violating Section 4.1.2(5)(a) of the ADAAG.

B. The disabled use spaces do not have access aisles provided, violating Section 4.6.3 of the ADAAG.

C. There are no curb cuts extending from the parking area access aisles in violation of ADAAG Section 4.7.1.

D. There is no accessible route from the parking areas to the facility, in violation of Section 4.3.2 of the ADAAG.

E. The accessible parking spaces are improperly dispersed and marked in violation of Section 4.6.2 of the ADAAG.

F. There are no disabled use parking spaces designated as "van accessible" violating Section 4.1.2(5)(b) of the ADAAG.

**Entrance Access and Path of Travel**

G. There are no accessible routes from the street, sidewalk and parking areas. There are Violations of the requirements in Sections 4.3.2, 4.5.2, 4.7.1 and 4.8.2 of the ADAAG.

H. There are ramps at the facility that violate the requirements in Section 4.8.2, of the ADAAG.

I. There are ramps throughout the facility that contain excessive cross slopes in violation of Section 4.8.6 of the ADAAG.

J. There are no curb ramps provided throughout the facility that violates Section 4.7 of the ADAAG.

K. The clear width of doors throughout the facility is less than the prescribed minimum, in violation of Section 4.13.5 of the ADAAG.

L. There are doors throughout the facility that lack the required maneuvering clearances violating Section 4.13.6 and Figure 25 of the ADAAG.

M. There are interior doors throughout several of the buildings that require excessive force to open, in violation of Section 4.13.11 of the ADAAG.

### Access to Goods and Services

N. There are permanently designated interior spaces without proper signage in violation of Sections 4.1.3(16) and 4.30.6 of the ADAAG.

O. There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG.

P. The water fountain(s) throughout the facility do not meet the prescribed requirements for use by disabled patrons in violation of Section 4.15 of the ADAAG.

Q. There are self-service areas throughout the facility with dispensers whose controls are outside the reach ranges prescribed in Sections 4.2.5 or 4.2.6 of the ADAAG.

R. There is fixed or built in seating provided throughout the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG.

S. There are ATMs provided for public use throughout the facility that do not comply with the requirements of Section 4.34 of the ADAAG.

### Public Restrooms

T. There are exposed pipes in restrooms throughout the facility, violating of Section 4.19.4 of the ADAAG.

4

U. The sinks in the restrooms provided throughout the facility do not meet the requirements prescribed in Section 4.24 of the ADAAG.

V. The restroom doors throughout the facility have improper hardware for disabled patrons, in violation of Section 4.13.9 of the ADAAG.

W. The clear floor space provided in the restrooms throughout the facility violate the provisions of Section 4.22.3 of the ADAAG.

X. The grab-bars in many of the common area restrooms do not comply with the requirements prescribed in Figure 30 and Section 4.26 of the ADAAG.

Y. There are urinals provided for public use throughout the facility that do not comply with the standards set forth in Section 4.18 of the ADAAG.

Z. The toilet stalls provided for public use throughout the facility are in violation of Section 4.17 of the ADAAG.

AA. The water closets that are provided for public use throughout the facility violate the provisions of Section 4.16 of the ADAAG.

BB. The mirrors provided for public use in the restrooms throughout the facility are in violation of the requirements in Section 4.19.6 of the ADAAG.

CC. There are dispensers provided for public use throughout the facility the restrooms with controls outside the ranges prescribed in Section 4.27 of the ADAAG.

DD. The flush controls provided on toilets throughout the facility do not comply with the requirements of the ADAAG Section 4.16.3.

**Business and Mercantile Establishments**

EE. There are check out counters that are not in compliance with the requirements of Section 7.3 of the ADAAG.

FF. There are security devices that prevent access to persons using mobility device violating Section 7.4 of the ADAAG.

9. The discriminatory violations described in paragraph 8 are not an exclusive list of the

Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of

      public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

10.   Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

11. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

12. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

13. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

14. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Peabody Place Mall to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.   Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

George W. Skogstrom, Esquire
SCHLOSSBERG, LLC
35 Braintree Hill Office Park, Suite 204
Braintree, MA 02184
781-848-5028
781-848-5096 - Facsimile
gskogstrom@sabusinesslaw.com

Lawrence A. Fuller, Esquire, *pro hac vice pending*
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 609
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
LFuller@fullerfuller.com

By: _____
George W. Skogstrom, Esquire (BBO #552725)

Date: 11/11/10

Counsel for Plaintiff William Norkunas

#4145-Peabody Center LLC Complaint Pkg (slm 10-20-10).wpd